# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-08-00225-CV

**Donald Ray McCray, Appellant**

**v.**

**Michele L. Henricks, Ren Patrick Rigby, Jr., William C. Dever, Dallas County and Joseph Phillips, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT NO. D-1-GN-07-004488, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I ON

Appellant Donald Ray McCray, a pro se litigant currently in the custody of the Texas Department of Criminal Justice, sued appellees Michele L. Henricks, Ren Patrick Rigby, Jr., William C. Dever, Dallas County, and Joseph Phillips, asserting various causes of action. In several orders, the trial court dismissed McCray's claims against all of the defendants—Henricks under the provisions of chapter 14 of the civil practice and remedies code relating to indigent inmate litigation, and the others because McCray had been deemed a vexatious litigant requiring him to seek permission of the local administrative judge before filing new lawsuits, which he did not do. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.101-.103 (West 2002). McCray appeals, asserting that the trial court erred in dismissing his suit.

We begin by addressing whether McCray complied with the prerequisites to filing this suit. Concluding that he did not and that dismissal was proper for that reason, we need not

address whether the trial court abused its discretion by dismissing McCray's claims against Henricks under chapter 14 of the civil practice and remedies code.

According to the database maintained by the Office of Court Administration, *see id.* § 11.104, McCray had been deemed a vexatious litigant prior to filing the suit giving rise to this appeal. As a vexatious litigant, McCray must obtain permission from the local administrative judge before filing a pro se suit in Texas. *Id.* § 11.102. While the Travis County Clerk mistakenly accepted and filed McCray's suit without the requisite permission, the trial court, after notice, properly stayed proceedings to allow McCray time to seek the needed permission. *See id.* § 11.103(b). McCray does not assert that he sought or received that permission, nor can we find evidence in the record that he did. Because he did not obtain the requisite permission, the trial court properly dismissed his suit. *Id.* ("[T]he court . . . shall dismiss the litigation unless the plaintiff . . . obtains an order . . . permitting the filing."). Accordingly, we affirm the trial court's orders dismissing McCray's suit.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed: March 24, 2010

2